IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BONNIE THOMPSON MURRAY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:15-CV-00160-O |
| | § | |
| LOU KREIDLER and CITY OF | § | |
| WICHITA FALLS, TEXAS, | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

This is a *pro se* civil rights case brought by Plaintiff Bonnie Murray under 28 U.S.C. § 1983 seeking monetary damages from an animal control officer and from the City of Wichita Falls, the officer's employer, for allegedly illegally seizing and destroying her nine dogs.  Plaintiff was granted leave to proceed *in forma pauperis.* By Order of Referral (ECF-6), the District Court referred this case to the undersigned for pretrial management and for recommendation on all case dispositive motions.  The defendants were ordered to be served. (ECF-7). On behalf of itself and its employee Defendant Kreidler, the City timely filed a Motion to Dismiss under Rule 12(b)(6) asserting that Plaintiff had failed to state a cause of action.  Plaintiff has responded. Finding that certain matters needed clarification, the Defendants were ordered to provide an explanation for an order setting the amount of an appeal bond that was material to the dismissal of Murray's appeal in state court. The Defendant's have timely filed their response to that order. Plaintiff has also filed a reply. This motion is now before the court.

## Analysis of Plaintiff's Complaint

By her complaint and her responses on file herein, Plaintiff claims that Lou Kreidler, an animal control officer employed by the City, illegally seized and impounded her nine dogs on

1

November 7, 2013.  Thereafter, through its Animal Services Center the City destroyed those dogs

for which  Murray now seeks monetary compensation.  She claims that the seizure and destruction

of her dogs were committed by Kreidler and the City without due process under the Fifth

Amendment.  While she acknowledges that the City set a hearing on the impoundment of her dogs,

she claims she was deprived of her property because the hearing was not a meaningful hearing. She

further claims that the City alleged she owed over four thousand dollars for the housing and feeding

of her dogs up to the time of the hearing and denied her appeal.

## Defendant's Motion

By its Motion to Dismiss, the City claims that Murray was afforded all of the due process

the Constitution mandates by providing to Murray a hearing in Municipal Court on the issue whether

the animals had been or were being cruelly treated by Murray.  And upon the court's findings

adverse to her, she was provided an appeal to the appropriate County Court at Law.  But her appeal

was duly dismissed due to her own failure to post the requisite appeal bond. The issue of whether

the animals were cruelly treated was litigated and determined by the state courts, says the City, and

she cannot now raise this issue before this Court.  In support of this proposition, the City presents

to the court copies of the orders of the Municipal Court and the County Court at Law that reflect that

a hearing on the merits of the cruelty issue was, in fact, conducted, a notice of appeal was timely

submitted by Murray, an appeal bond amount was set, and her appeal was dismissed because she

failed to file the appeal bond.  The City argues at length about the *res judicata* or collateral estoppel

effect of the state court judgments.  But there has not been a judicial determination of whether

procedural due process has been afforded by the state procedures-the very issue raised by Plaintiff

in her complaint.  That issue remains for this court.

Murray Responses

In Response to the City's arguments, Murray claims that she could not tender the appeal bond in the amount of $4000.00+ because she could not afford it.[1]  She acknowledges that a bond hearing was held that she attended but asserts that no evidence was introduced that would support the $4000.00+ amount.  Besides, the City seized the dogs without probable cause, she claims.[2]  She further claims that the only proof of neglect of her dogs was one of the animals needed its nails trimmed, but that was not cruelty under the statutes.[3]  She claims that there were no photos introduced and none were taken of the dogs. Finally, she claims that there is no transcript record of the Municipal Court hearings.

Animal Cruelty Statute Analysis

Two avenues exist for the State in protecting animals from cruel treatment, i.e., criminal prosecution under Section 42.092 of the Texas Penal Code and the civil remedy provided under Section 821.023 of the Texas Health and Safety Code. *Granger v. Folk*, 931 S.W. 2d 390 ( Tex. App. Beaumont 1996, no writ).  While the Defendant's Motion discusses the application of the civil remedy, it does appear that the City also pursued but later dropped the criminal charges against

---

[1]     ECF-15, pp. 5-7.

[2]     ECF-15, p. 1 ("I was scheduled for jury trial for the 3rd time approx.. January 16, 2104. This was the only court date I was aware of after the search and seize of my animals Nov 7, 2013 that I appealed this action to  regain  custody of all my animals that in my opinion was unlawfully taken for one. *An illegal warrant due to no probable cause.* It stated attached, however nothing was attached nor stated a probable cause.  To my belief, there was none, and truly to date, none proven." (Italics provided.)

[3]     *Id*., p.2 paragraph 4.

Murray as well.[4]

The procedure followed by the City of Wichita Falls leading to the seizure of the dogs and the subsequent hearing on their disposition is set out in § 821.022 *et seq.* of the Texas Health and Safety Code. Section 821.002 establishing the procedure for the seizure and impoundment of the animals as follows:

### § 821.022. Seizure of Cruelly Treated Animal

(a) If a peace officer or an officer who has responsibility for animal control in a county or municipality has reason to believe that an animal has been or is being cruelly treated, the officer may apply to a justice court or magistrate in the county or to a municipal court in the municipality in which the animal is located for a warrant to seize the animal.
(b) On a showing of probable cause to believe that the animal has been or is being cruelly treated, the court or magistrate shall issue the warrant and set a time within 10 calendar days of the date of issuance for a hearing in the appropriate justice court or municipal court to determine whether the animal has been cruelly treated.
(c) The officer executing the warrant shall cause the animal to be impounded and shall give written notice to the owner of the animal of the time and place of the hearing.

The authorization for the seizure of the animal(s) is conditioned upon the magistrate's finding of probable cause to believe that the animal "has been or is being cruelly treated." "Cruelly treated" is defined in § 821.021 as:

(1) "Cruelly treated" includes tortured, seriously overworked, unreasonably abandoned, unreasonably deprived of necessary food, care, or shelter, cruelly confined, or caused to fight with another animal.

While this section does describe generally those conditions that indicate that an animal has been cruelly treated, the section does not describe particular acts that indicate any *necessary care*

---

[4]     See the statement in Note 2 above and ECF-12, p. 3 ("I went to trial by Jury in June 2013 in which the DA Peter Scott dismissed the jury...") and p.4 ("On January 16, 2014, again the jury was there and approx..3 thousand dollars in animal cruelty and neglect was dismissed.").

that an owner must afford the animal.[5]  Murray affirmatively alleges that "The only animal cruelty they had proof was one of the tow *(sic)* dogs I was babysitting needed *a nail clip* and this photo was taken after they had seized the animals. There was no proof of no kind of animal cruelty or neglect at all prior to the seizure and even now because there weren't any.  A *pedicure* is not animal cruelty."[6] (Italics supplied). This allegation implies that a lack of nail clipping is the only item alleged in the warrant or in the trial.

Although the City ardently argues that all due process was afforded by the trial, the city has failed to produce the warrant upon which the entire state civil prosecution was initiated or based. In the absence of a showing of probable cause to support the warrant, the efficacy of the warrant is at issue.  And in the absence of any record of the proceedings at the trial court level it is impossible for this court to determine at this stage whether the issue was litigated and determined or waived at the trial court level or was a viable challenge for appeal.  If the seizure of the animals was unwarranted, the assessment of costs of impoundment of the animals against the Plaintiff was an unreasonable condition to the appeal that was denied to her.

The right to an appeal is not required by due process in a criminal case or a civil case, but where the right to an appeal is granted, it must meet the requirements of due process and equal protection. *McKane v. Durston*, 153 U.S. 684 (1894); *Dowd v. United States ex rel. Cook*, 340 U.S. 206 (1951); *Griffin v. People of State of Illinois*, 351 U.S. 12 (1956); *Louisiana ex rel. Johnson v. Middle brooks*, 260 F. Supp. 517 (E.D. La. 1966).  Section 821.025 of the Texas Health & Safety

---

[5]     Nor does Texas Penal Code § 42.092 that defines "Cruel Manner" and "Torture" but does not list nail care or the lack thereof as an element of "causing or permitting unjustified or unwarranted pain or suffering" or "unreasonably to provide necessary...care...for an animal."

[6]     ECF-12, p. 3-4.

Code expressly grants the right to an appeal of the civil impoundment action under § 821.022.

A state my erect reasonable procedural requirements for triggering the right to an appeal, including a filing fee, but the fee or other condition to the appeal must be "rationally related to a legitimate government interest." *Ortwein v. Schwab*, 410 U.S. 656 (1973); *Nickens v. Melton*, 38 F. 3d 183 (5th Cir. 1994).

Absent a determination by a neutral magistrate that facts support a conclusion that one or more of Murray's animals had been or was being cruelly treated, the impoundment of animals under that warrant would be a denial of due process and the assessment of the costs of care and maintenance of the animal during its impoundment as a condition of appeal would not be "rationally related to a legitimate government interest."

Ordinarily, probable cause issues with respect to warrants are Fourth Amendment challenges that must be brought at the trial court level or are waived. But where the efficacy of the warrant upon which the action impoundment action is based directly affects the justification for the procedural dismissal of an appeal, it is an issue of due process for this court's consideration.

Accordingly, I recommend to the District Court that the Defendants' Motion to Dismiss be DENIED.

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the

disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 27th day of January, 2016.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE