IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BONNIE THOMPSON MURRAY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:15-cv-00160-O |
| LOU KREIDLER and CITY OF WICHITA FALLS, TEXAS, | § § § § | |
| Defendants, | § § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") in this case. *See* ECF No. 17. No objections were filed. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error.

The Magistrate Judge acknowledged that "[t]he City argues at length about the res judicata or collateral estoppel effect of the state court judgments." FCR 2, ECF No. 17 (italics omitted). In their Motion to Dismiss (ECF No. 11), Defendants argue "[t]his is Plaintiff's third time attempting to obtain due process for which she was already afforded," and thus, Plaintiff's claims should be barred by res judicata. *Id*. ¶ 1. In addition, Defendants argue that Plaintiff's claims are barred by collateral estoppel, as "[t]he present action is an attempt to re-litigate these same claims." *Id*. ¶ 17.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Thus, while Defendants raise their arguments under federal preclusion standards, this Court will consider Defendants' res judicata and

collateral estoppel arguments under Texas law. *Id*.; *see generally* Defs.' Mot. Dismiss, ECF No. 11.

"Res judicata, or claim[] preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Jackson v. RTC as Receiver for Sunbelt Sav.*, No. 94-50272, 1994 WL 523911, at *2 (5th Cir. 1994) (per curiam) (quoting *Barr v. Resolution Trust Corp., ex rel. Sunbelt Federal Savings*, 837 S.W.2d 627, 628 (Tex. 1992)). In Texas, res judicata "requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)). Furthermore, "[t]he Texas Supreme Court has adopted the Restatement (Second) of Judgments' 'transactional test' to determine whether [the] second action is based on the same claims as were raised or could have been raised in the first action.'" *Rodriguez v. Ysleta Indep. Sch. Dist.*, No. EP-05-CV-0112-FM, 2006 WL 1544604, at *4 (W.D. Tex. May 30, 2006), *aff'd*, 217 F. App'x 294 (5th Cir. 2007) (applying Texas state preclusion law in considering a 42 U.S.C. § 1983 ("§ 1983") claim). "Factors to consider in determining whether facts constitute a single transaction are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." *Id.* (internal citations omitted).

As to the first factor, Defendants argue the first lawsuit resulted in a final judgment on the merits. Defs.' Mot. Dismiss ¶ 11, ECF No. 11. The Court agrees that the municipal court's "decision became final and binding when Plaintiff failed to appeal to a state [county] court." *Rodriguez*, 2006 WL 1544604, at *4. Furthermore, the parties do not dispute that the parties are

identical in both actions, although with reversed roles. *See* Defs.' Mot. Dismiss ¶ 10, ECF No. 11; *see generally* Compl, ECF No. 1. The Court next addresses whether the present action is based on the same claims that were or could have been raised in the state action.

Analyzing whether the claims are identical in both actions "requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Barr*, 837 S.W.2d at 630. Unfortunately, Defendants have not provided the Court with a copy of the alleged warrant initiating the prior action or a complaint. However, Defendants aver that they "brought suit against Plaintiff to seize her dogs in 2013." Defs.' Mot. Dismiss ¶ 10, ECF No. 11. Indeed, the Wichita Falls municipal court found: (1) the dogs' owner is Bonnie-Thompson Murray; (2) proper notice of the hearing was posted at the owner's known address; and (3) the best interests of the dogs and the public health and safety would be served by awarding custody and possession of the dogs to the Animal Control Division of the city of Wichita Falls. *See* Ex. 1, ("Wichita Falls Municipal Court Order"), Nov. 18, 2013, ECF No. 11. The Wichita County Court affirmed the municipal court's finding in the "hearing in the matter of the final disposition of nine dogs." Defs.' Mot. Dismiss Ex. 2 ("Wichita County Court Order"), Dec. 23, 2013, ECF No. 11.

In *Rodriguez v. Ysleta Independent School District*, a federal district court denied the defendant's motion for summary judgment on res judicata grounds. *See Rodriguez*, 2006 WL 1544604, at *4–5. In the prior state action, the plaintiff proceeded before a hearing officer and Commissioner and had the option to appeal to a state district court. *See id*. at *4. The court found the first two factors of res judicata were satisfied, as the parties were identical and a final decision was rendered since the plaintiff did not appeal to the state district court. *Id*. However, the court found the prior state action was not based on the same claims as the federal § 1983 action because

3

the federal action's claims were not before the Commissioner in the prior action. *Id*.

Here, as in *Rodriguez*, the Court finds "[t]he instant action is not based on the same claims raised in the first aciton or that could have been raised." *Id*. The first action between the parties concerned whether the dogs should be seized from Plaintiff. Compl. ¶ 18, ECF No. 1. However, Plaintiff's present § 1983 claim alleges that Defendants "impounded Plaintiff's dogs and then had them destroyed. Plaintiff was *deprived of her property without a meaningful hearing*." Wichita Falls Municipal Court Order, Nov. 18, 2013, ECF No. 11; *see also* Compl. ¶ 18, ECF No. 1; Defs.' Mot. Dismiss ¶ 10, ECF No. 11. Thus, construing Plaintiff's pro se pleadings liberally, it appears Plaintiff contests the constitutionality of the appeals process she experienced as a result of Defendants' first lawsuit against her, rather than relitigating the rightful ownership of the dogs. Thus, "[t]he remedies sought and available to Plaintiff [in the seizure hearing] differ considerably from those available in the § 1983 action before this Court," as Plaintiff would have had no practicable way to challenge the appeals process until she experienced the alleged unconstitutionality of the process. *Rodrgiuez*, 2006 WL 1544604, at *4. Furthermore, in applying the transactional test, the Court finds "that because of the complexities of the various issues presented, the two actions would not 'form a convenient unit for trial purposes.'" *Id*. (citing *Getty Oil Co.*, 845 S.W.2d at 800; *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 779 (5th Cir. 1984)). Therefore, dismissing Plaintiff's complaint is inappropriate on res judicata grounds.

In the alternative, Defendants argue that the doctrine of collateral estoppel bars Plaintiff's present action. Defs.' Mot. Dismiss ¶¶ 16–17, ECF No. 11. The doctrine of collateral estoppel, or issue preclusion, "is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues." *Sysco Food Servs., Inc.*

4

*v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994) (collecting cases). Under Texas law, "collateral estoppel only precludes the relitigation of identical issues of fact or law which were actually litigated and essential to the prior judgment." *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721–22 (Tex. 1990) (citing *Tarter v. Metropolitan Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex. 1988); *Van Dyke v. Vowell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985)). "In other words, this doctrine precludes the relitigation of identical issues actually litigated in a previous action, even though the subsequent action is based upon a different cause of action." *Wilhite v. Adams*, 640 S.W.2d 875, 876 (Tex. 1982) (citing *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 362–63 (Tex. 1971)).

Defendants contend that "the factual basis for Plaintiff's claims in the current action are nearly identical to the facts in the original seizure hearing." Defs.' Mot. Dismiss ¶ 17, ECF No. 11. However, the Court disagrees. The Court has already found that Plaintiff's complaint appears to turn on the constitutionality of the appeals process and would not relitigate the rightful ownership of her dogs. Therefore, dismissing Plaintiff's complaint is inappropriate on collateral estoppel grounds.

For the aforementioned reasons, and finding no clear error in the Magistrate Judge's findings, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, it is **ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted as the findings of the Court. Accordingly, Defendants' Motion to Dismiss (ECF No. 11), is **DENIED**.

**SO ORDERED** on this **23rd day** of **February, 2016.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

5